**WARE, An Infant, Appellant, v. CINCINNATI (City), A Municipal Corporation, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7501. Decided January 28, 1952.

Weiland, Solinger & D'Angelo, Cincinnati, for appellant.

Henry M. Bruestle, J. B. Grause, Maurice W. Jacobs, Cincinnati, for appellee.

## OPINION

Per CURIAM:

The trial court sustained a demurrer to the petition herein for failure to state facts sufficient to constitute a cause of action, and the plaintiffs, not desiring to plead further, the Court dismissed the petition. The appeal is, therefore, one on questions of law only.

The pleaded facts are set forth in the opinion of the trial court, reported in 98 N. E. Rep. (2nd) 102, with which this Court is in substantial accord.

Supplementing the conclusions reached by Bader, J., we distinguish this case from previous similar ones decided by this Court, together with others cited to the Court, involving the duty of a municipality under §3714 GC, to keep its streets and public ways open, in repair, and free from nuisance, by pointing out that the public generally did not have free and open access to the area here involved, wherein it is alleged the nuisance existed, but was excluded therefrom by a substantial, effective, ornamental concrete wall, approximately four feet high and a foot in width.

In Words and Phrases, Perm. Ed., Vol. 28, page 945, nuisance is defined as:

"A nuisance is something wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights. The unauthorized or unlawful obstruction of a street is a nuisance, while that which is authorized by competent legal authority cannot in law constitute a nuisance."

Construction of the ventilator was authorized by competent legal authority and the area about it enclosed and barred to the public so that it was not a public ground or public way mentioned in §3714 GC, and the plaintiff, be he child or adult, had no legal right to enter the area in which the ventilator was located. And, of course, the doctrine of attractive nuisance does not obtain in Ohio.

We recognize that a municipality may be liable for negligence in performing or failing to perform a corporate duty. City of Hamilton v. Dilley, 120 Oh St, 127; Yackee, Admr. v. Village of Napoleon, 135 Oh St, 344; Kocher v. City of Barberton, 140 Oh St, 240, and on the basis of qualified nuisance, as set forth in paragraph 2 of the syllabus to Wall v. City of Cincinnati, 150 Oh St, 411, which is as follows:

"As distinguished from absolute nuisance, a qualified nuisance or nuisance based on negligence consists of anything lawfully but so carelessly done or permitted as to create a potential and unreasonable risk of harm which results in injury to another. (Paragraph three of the syllabus in the case of Taylor v. City of Cincinnati, 143 Oh St, 426, approved and followed.)"

Decision of the instant case is, therefore, reduced to a consideration of the fundamental concepts of negligence and proximate cause.

In 39 O. Jur., p. 219, it is stated:

"In order that the injury constitute an actionable tort, there must be a legal duty—imposed by statute, by ordinance, by the principles of the common law, or otherwise—owing, by the one committing the injury, to the one injured, which he has failed to discharge or perform. In the absence of such a duty, any damage caused is injury without wrong, damnum absque injuria. Unless there is some contract, duty, or service which a party is bound to fulfil, there can be no negligence, fault, or breach of the obligation."

Extended discussion which will not be reiterated here is contained in the following sections to which reference is made.

Paraphrasing the text at page 224, we state liability depends upon the natural and probable connection between a breach of duty toward the plaintiff, in other words, a tort, and the alleged injurious consequences. Nor does liability extend to consequences which cannot be regarded as the natural results

of any given conduct and which, on that account, could not by ordinary forecast be anticipated.

Had there been no screen at all around the aperture between the ventilator covering and the sidewalk level, we fail to see that any condition would have existed creating a potential and unreasonable risk or harm.

Plaintiff was a trespasser—the ventilator was capped, so that it was not an open pit—in order to fall into the subway, one had to crawl through space between the sidewalk level and the cover, so that it seems too far fetched and unforseeable that even the whim of a child would induce crawling through the opening into the darkened space.

Without reference to questions of contributory negligence, which have a place herein, under the allegations of this petition, giving every favorable intendment to the pleader, we are of the opinion that the allegations contained therein are insufficient to state a cause of action based on either nuisance or negligence.

The judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.